UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ISMAEL RIVERA,

                  Plaintiff,

                                     15 Civ. 5631 (NG)(SMG)

          vs.                            **FIRST AMENDED**
                                         **COMPLAINT**

THE CITY OF NEW YORK,
NYPD OFFICER JACOB GIANELLI,
NYPD OFFICER DANIEL SARASY,
NYPD OFFICER DOUGLAS DEOTTO,
NYPD SERGEANT HUGH BLACK,

                  Defendants.
-------------------------------------------------------------------X

## PRELIMINARY STATEMENT

      This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff, a thirty-seven year old father who was on his way to work, was deprived of his constitutional rights when New York City Police Officers from the 103rd Precinct in Queens County intentionally, unlawfully, and unjustifiably assaulted, battered, detained, arrested and maliciously prosecuted plaintiff causing him to sustain serious physical and emotional injuries.

## JURISDICTION

     1.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is

conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

2.      The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

3.      Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) because the claims arose in this district.

## JURY DEMAND

4.      Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PARTIES

5.      Plaintiff Ismael Rivera currently and at all times relevant was a resident of the state of New York and a citizen of the United States.

6.      NYPD Officer Jacob Gianelli (Tax ID #949023) is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD").  On the date of the incident, November 6, 2012, he was assigned to the 103rd Precinct in Queens County and participated, assisted, acted in concert, and failed to intervene in the unlawful seizure, assault, and arrest of plaintiff.  Defendant Gianelli is being sued herein in his individual capacity.

7.     NYPD Officer Douglas Deotto (Shield #98686) is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the incident, November 6, 2012, he was assigned to the 103rd Precinct in Queens County and participated, assisted, acted in concert, and failed to intervene in the unlawful seizure, assault, and arrest of plaintiff. Defendant Deotto is being sued herein in his individual capacity.

8.     NYPD Officer Daniel Sarasy (Shield #3642) is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the incident, November 6, 2012, he was assigned to the 103rd Precinct in Queens County and participated, assisted, acted in concert, and failed to intervene in the unlawful seizure, assault, and arrest of plaintiff. Defendant Sarasy is being sued herein in his individual capacity.

9.     NYPD Sergeant Hugh Grant (Shield #163) is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the incident, November 6, 2012, he was assigned to the 103rd Precinct in Queens County and participated, assisted, acted in concert, and failed to intervene in the unlawful seizure, assault, and arrest of plaintiff. Defendant Grant is being sued herein in his individual capacity.

10.     At all times relevant herein, Defendants Gianelli, Deotto, Sarasy, and "John Black ("Individual Defendants") were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct

incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

11.    Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

12.    On November 6, 2012, at approximately 11:55 a.m. in the vicinity of 187th Street and Hillside Avenue in the County of Queens, Mr. Rivera was on his way to work when he was suddenly grabbed, thrown to the ground, beaten and kicked by the Individual Defendants and then forcefully handcuffed behind his back. Mr. Rivera did nothing wrong, had not committed any crime, nor did he give the police any reason to stop, detain, arrest, or use excessive physical force against him.

13.    Prior to throwing him to the ground, beating, kicking and handcuffing Mr. Rivera, the Individual Defendants did not ask him any question, did not inform him that he was suspected of committing a criminal act, nor did they simply ask him to cooperate.

Instead the Individual Defendants, without any justification, resorted to excessive and unnecessary physical force against Mr. Rivera in the first instance.

14.    Although the officers' actions were unlawful, Mr. Rivera did not physically resist arrest. Bewildered, while the officers beat, kicked and had him pinned to the ground face down, Mr. Rivera kept screaming in sum and substance, "What happened? What happened? Why are you doing this to me?"

15.    Apparently, the police suspected that Mr. Rivera stole a cell phone from a thirteen year old boy named Rajeem Ramattan. Mr. Rivera did not steal the boy's phone, nor did he have any interaction with him.

16.    Upon information and belief, the thirteen year old boy did not identify Mr. Rivera as the person who stole his phone.

17.    The Individual Defendants searched Mr. Rivera and did not find the boy's cell phone.

18.    Despite having no probable cause to arrest and charge Mr. Rivera with a crime, they took him to the precinct, fingerprinted, and charged him with grand larceny in the fourth degree, endangering the welfare of a child, and resisting arrest.

19.    Mr. Rivera was taken to Central Booking and then finally released after being arraigned in Queens Criminal Court.

20.    During the next six months, Mr. Rivera had to endure the anxiety and humiliation of appearing in court as a criminal defendant before all charges were dismissed and sealed on May 6, 2013.

21.     The false arrest, false imprisonment, excessive force, and malicious prosecution committed by the Individual Defendants against Mr. Rivera caused him to sustain injuries including but not limited to physical and emotional pain and suffering that are ongoing, anxiety, humiliation, loss of liberty, loss of reputation, medical expenses, and lost wages.

22.     As a result of the Individual Defendants' violent attack on Mr. Rivera, Mr. Rivera sustained physical injuries, including but not limited, to head and facial trauma, swelling and contusions to his forehead, right eye and cheek.

### CLAIMS FOR RELIEF

#### FIRST CAUSE OF ACTION
**Violation of Plaintiff's Fourth and Fourteenth Amendment Rights/False Arrest**

21.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

22.     Defendants, who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's rights to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

23.     Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement.

24.    Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983/Fourth Amendment/Excessive Force

25.    Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

26.    The use of excessive force by the Individual Defendants in grabbing, throwing, beating, kicking, pinning on the ground face first, and forcefully handcuffing plaintiff's arms behind his back, was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment to the United States Constitution.

### THIRD CAUSE OF ACTION
### U.S.C. § 1983/Fourth and Fourteenth Amendment/Malicious Prosecution

27.    Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

28.    The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth and Fourteenth Amendment to the United States Constitution.  Defendants initiated and continued criminal proceedings against plaintiffs.

29.    The proceedings terminated in plaintiff's favor.

30.    There was no probable cause for the commencement or the continuation of the criminal proceedings.

31.    The defendants acted with actual malice.

## FOURTH CAUSE OF ACTION
### Negligent Hiring, Retention, Training and Supervision

32.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

33.     The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the Individual Defendants who were unfit for the performance of police duties on February 20, 2009, at the aforementioned location.

34.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that the Court grant the following relief jointly and severally against Defendants:

1.     Compensatory damages in an amount to be determined at trial for the physical and psychological injuries and lost wages sustained by plaintiff as a result of the events alleged herein.

2.     Punitive damages against the Individual Defendants in an amount to be determined at trial.

3.     For pre-judgment interest as allowed by law.

4.     An order awarding plaintiff reasonable attorneys' fees, together with the costs of this action.

5.     Such other further relief as the Court may deem appropriate.

Dated:     March 18, 2016
           New York, New York

                          ROMANO & KUAN, PLLC

                          Julia P. Kuan (JK 3822)
                          600 Fifth Avenue, 10th Floor
                          New York, New York 10020
                          (212) 763-5075
                          julia.kuan@romanoandkuan.com

                          *Attorneys for Plaintiff*

To:    Melissa Wachs, Esq. (via ECF)
       Attorney for Defendants

9